# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MONITOR COMPANY GROUP LIMITED PARTNERSHIP, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-13042 (CSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 11, 2013 at 11:00 a.m. (ET)**<br>**Objection Deadline: December 26, 2012 at 4 p.m. (ET)** |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MESIROW FINANCIAL CONSULTING, LLC *NUNC PRO TUNC* TO NOVEMBER 15, 2012 AS ITS FINANCIAL ADVISORS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 cases of Monitor Company Limited Partnership, et al., debtors and debtors-in-possession herein (the "Debtors"), submits this application (the "Application") for entry of an order, pursuant to sections 328, 1103(a) and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Bankruptcy Rules"), authorizing the

---

[1] The Debtors in these chapter 11 cases (these "Chapter 11 Cases"), along with the last four (4) digits of each Debtor's federal tax identification number, where applicable, are: Monitor Company Group Limited Partnership, a Delaware limited partnership (2729); Global Business Network LLC, a Delaware limited liability company (3768); Monitor Company Group International Holdings LLC, a Delaware limited liability company (0382); TMC Investors, LLC, a Delaware limited liability company (8206); Monitor Company Intl., LLC, a Delaware limited liability company (8207); Monitor Company Latin America, LLC, a Delaware limited liability company (9512); Monitor Company Services, LLC, a Delaware limited liability company (3371); Monitor Company Asia Pacific, LLC, a Delaware limited liability company (7839); Monitor Group Foreign Government Services, LLC, a Delaware limited liability company (2731); Monitor Group Government Services, LLC, a Delaware limited liability company (0337); Monitor International, Inc., a Massachusetts corporation (8656); Marketspace, LLC, a Delaware limited liability company (3314); MAST Services LLC, a Delaware limited liability company (7605); Monitor Group CIS LLC, a Delaware limited liability company (2967); New Strategic Oxygen, LLC, a Delaware limited liability company (7645); Monitor Group Mexico LLC, a Delaware limited liability company (6723); Monitor Institute, LLC, a Delaware limited liability company (3861); Market2Customer LLC, a Delaware limited liability company (7402); Monitor Federal Government Services LLC, a Delaware limited liability company (7471); and Doblin Inc., an Illinois corporation (9817). The Debtors' mailing address is Two Canal Park, Cambridge, MA 02141.

retention and employment of Mesirow Financial Consulting, LLC ("MFC"), as financial advisors to the Committee *nunc pro tunc* to November 15, 2012. In support of this Application, the Committee relies upon the affidavit of Stephen B. Darr (the "Darr Affidavit"), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2). Venue of the Debtors' Chapter 11 cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328, 1103(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002 and Local Bankruptcy Rule 2014-1.

## BACKGROUND

3. On November 7, 2012 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. On November 15, 2012, the Office of the United States Trustee appointed the following creditors as members of the Committee:

> VHA Inc.
>
> Dr. Reed K. Holden
>
> Integreon, Inc.

5. At a duly conducted meeting held on November 15, 2012, the Committee interviewed several potential financial advisors and after due deliberation and a vote, decided to retain MFC as its financial advisors in these Chapter 11 cases.

6. A description of the Debtors' business, capital structure and the circumstances leading to the Chapter 11 filings is set forth in the *Declaration of Daniel A. Lasman in Support of Chapter 11 Petitions and First Day Motions and Applications* (the "First Day Declaration") filed on the Petition Date and incorporated herein by reference.

## RELIEF REQUESTED

7. By this Application, the Committee requests authorization to retain and employ MFC as its financial advisors in these Chapter 11 cases. Specifically, the Committee respectfully requests entry of an order pursuant to sections 328, 1103(a) and 1103(b) of the Bankruptcy Code authorizing MFC to perform those financial advisory services that will be necessary during these Chapter 11 cases as more fully described below.

## SERVICES TO BE RENDERED

8. The Committee anticipates that MFC may render the following services in these cases:

   a. Assistance in the review of reports or filings as required by the Bankruptcy Court or the Office of the United States Trustee, including, but not limited to, schedules of assets and liabilities, statements of financial affairs and monthly operating reports;

   b. Review of the Debtors' financial information, including, but not limited to, analyses of cash receipts and disbursements, financial statement items and proposed transactions for which Bankruptcy Court approval is sought;

   c. Review and analysis of the reporting regarding cash collateral and any debtor-in-possession financing arrangements and budgets;

   d. Review of bidding procedures and any asset purchase agreements associated with the sale of the business in whole or in part as administered under a Section 363 bankruptcy auction;

   e. Evaluation of stalking horse bid associated with auction proceedings;

   f. Evaluation of any subsequent bids and their economic impact on the Debtors' estate and its consequent impact on the recovery to unsecured creditors;

   g. If called upon, assist the Debtors in the wind down of their estate as it pertains to assets not purchased and liabilities not assumed as part of any sales proceeding;

  h.  Evaluation of potential employee retention and severance plans;

  i.  Assistance with identifying and implementing potential cost containment opportunities;

  j.  Assistance with identifying and implementing asset redeployment opportunities;

  k.  Analysis of assumption and rejection issues regarding executory contracts and leases;

  l.  Review and analysis of the Debtors' proposed business plans and the business and financial condition of the Debtors generally;

  m.  Assistance in evaluating reorganization strategy and alternatives available to the creditors;

  n.  Review and critique of the Debtors' financial projections and assumptions;

  o.  Preparation of enterprise, asset and liquidation valuations;

  p.  Assistance in preparing documents necessary for confirmation;

  q.  Advice and assistance to the Committee in negotiations and meetings with the Debtors and the bank lenders;

  r.  Advice and assistance on the tax consequences of proposed plans of reorganization;

  s.  Assistance with the claims resolution procedures, including, but not limited to, analyses of creditors' claims by type and entity;

  t.  Litigation consulting services and expert witness testimony regarding confirmation issues, avoidance actions or other matters; and

  u.  Other such functions as requested by the Committee or its counsel to assist the Committee in these Chapter 11 cases.

9. Subject to this Court's approval of the Application, MFC is willing to serve as the Committee's financial advisors and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

10. The Committee has selected MFC as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

11. The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 cases. MFC has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, MFC is qualified to perform the work required in these cases.

## DISINTERESTEDNESS OF PROFESSIONALS

12. To the best of the Committee's knowledge and based upon the Darr Affidavit, MFC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13. To the best of the Committee's knowledge and based upon the Darr Affidavit, MFC does not hold or represent an interest adverse to the estates with respect to the matter on which MFC will be employed, in accordance with section 1103(b) of the Bankruptcy Code.

14. To the best of the Committee's knowledge and based upon the Darr Affidavit, (a) MFC's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on Exhibit B to the Darr Affidavit; and (b) the MFC professionals working on this matter are not relatives of the United States Trustee of the District of Delaware or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Delaware.

15. MFC has not provided, and will not provide any, professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to these Chapter 11 cases.

## PROFESSIONAL COMPENSATION

16. MFC's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff

5

member's hourly billing rate. The Committee has agreed to compensate MFC for professional services rendered at its normal and customary hourly rates.

17. Fees for services to be rendered by MFC will be billed at the rates in effect at the time that the services are rendered. The rates provided below (the "2013 Rates") are MFC's normal and customary rates for matters of this sort effective January 1, 2013.

| Level | Hourly rates |
| --- | --- |
| Senior Managing Director, Managing Director and Director | $895-$950 |
| Senior Vice-President | $725-$795 |
| Vice President | $625-$695 |
| Senior Associate | $495-$595 |
| Associate | $295-$445 |
| Paraprofessional | $160-$250 |

18. Fees for services rendered from November 15, 2012 through December 31, 2012 will be billed rates in effect at the time the services are rendered.[2]

19. The 2013 rates reflect an average increase of 3.10% from our previous rate structure. In establishing its rates, MFC obtains publicly available information providing general information regarding rates currently charged by MFC's "Peer Firms" (i.e., other financial advisory firms similar to MFC and which render services similar to those provided by MFC).

20. The 2013 Rates are comparable to those charged by comparably skilled practitioners and are consistent with rates charged to other MFC clients in non-bankruptcy matters.

---

[2] The rates in effect through December 31, 2012 are as follows:

| Level | Hourly rates |
| --- | --- |
| Senior Managing Director, Managing Director and Director | $855-$895 |
| Senior Vice-President | $695-$755 |
| Vice President | $595-$655 |
| Senior Associate | $495-$555 |
| Associate | $315-$425 |
| Paraprofessional | $160-$250 |

21. MFC will also seek reimbursement for necessary expenses incurred, which shall include, but not be limited to, travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

22. MFC intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. MFC has agreed to accept as compensation such sums as may be allowed by the Court. MFC understands that interim and final fee awards are subject to approval by this Court.

### *NUNC PRO TUNC* **RELIEF REQUESTED**

23. The Committee requests approval of the employment of MFC *nunc pro tunc* to November 15, 2012. Such relief is warranted by the circumstances presented by this case. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. See, e.g., Matter of Arkansas Co., 798 F.2d 645, 650 (3d Cir. 1986); In re Indian River Homes, Inc., 108 B.R. 46, 52 (D. Del. 1989), app. dismissed, 909 F.2d 1406 (3d Cir. 1990). The Committee's selection of MFC as its financial advisor on November 15, 2012 necessitated that MFC immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtors' cases pending submission and approval of this Application. Moreover, due to exigent circumstances, MFC commenced this engagement immediately with assurances that the Committee would seek approval of its employment *nunc pro tunc* to November 15, 2012. Based upon the foregoing, the Committee submits that cause exists to authorize the retention of MFC *nunc pro tunc* to November 15, 2012ursuant to the Committee's request and due to exigent circumstances, MFC commenced this engagement immediately and with assurances that the Committee would seek approval of its employment *nunc pro tunc* to November 15, 2012.

**NOTICE**

24. Notice of this Application has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) co-counsel to the Debtors, Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199-3600 (Attention: D. Ross Martin & James M. Wilton); (c) co-counsel to the Debtors, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, P.O. Box 1709, Wilmington, DE 19899-1709 (Attention: David B. Stratton); (d) Bank of America, N.A.; (e) Caltius Partners IV, LP; (f) RBS Citizens, N.A.; (g) the Landlords;3[1] (h) Monitor Clipper Partners, LLC; (i) the Founders; (j) the Spin-Outs; (k) the Taxing Authorities; (l) the Internal Revenue Service; (m) the Securities & Exchange Commission; and (n) all other parties required to receive service under Local Rule 2002-1(b). Notice of this Application and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested, the Committee submits that no other or further notice is necessary

25. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Committee to retain and employ MFC as its financial advisors *nunc pro tunc* to November 15, 2012 to perform the services set forth herein; and (iii) granting such other and further relief as is just and proper.

---

3[1] All capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Declaration of Daniel A. Lasman in Support of Chapter 11 Petitions and First Day Motions and Applications (D.I. 15).

Dated: 12/5/2012

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
MONITOR COMPANY GROUP
LIMITED PARTNERSHIP, et al.

By: *[signature]*
Name:
Chairperson of the Committee